Evan J. Smith
BRODSKY & SMITH
240 Mineola Boulevard
First Floor
Mineola, NY 11501
Telephone:     516.741.4977
Facsimile:     516.741.0626
esmith@brodskysmith.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC KLEIN,<br><br>      Plaintiff,<br><br>vs.<br><br>ANGION BIOMEDICA CORP., JAY VENKATESAN, ITZHAK GOLDBERG, VICTOR F. GANZI, ALLEN R. NISSENSON, GILBERT S. OMENN, and KAREN WILSON,<br><br>      Defendants. | Case No.:<br><br>**Complaint For:**<br><br>(1) Violation of § 14 (a) of the Securities Exchange Act of 1934<br>(2) Violation of § 20(a) of the Securities Exchange Act of 1934<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Marc Klein ("Plaintiff"), by and through his attorneys, alleges upon information and belief, except for those allegations that pertain to him, which are alleged upon personal knowledge, as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff brings this stockholder action against Angion Biomedica Corp. ("Angion" or the "Company") and the Company's Board of Directors (the "Board" or the "Individual Defendants,", collectively with the Company, the "Defendants"), for violations of Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") as a result of Defendants' efforts to sell the Company to Elicio Therapeutics, Inc. ("Parent"), through merger

vehicle Arkham Merger Sub, Inc. ("Merger Sub," and together with Parent, "Elicio") as a result of an unfair process, and to enjoin an upcoming stockholder vote on a proposed all stock transaction (the "Proposed Transaction").

2.  The terms of the Proposed Transaction were memorialized in a January 17, 2023, filing with the Securities and Exchange Commission ("SEC") on Form 8-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement"). Under the terms of the Merger Agreement, each existing share of Elicio common stock will be converted into the right to receive a number of newly issued Angion shares resulting in Elicio shareholders owning 65.5% of the Pro Forma Company, thus substantially diluting Angion's shareholders' interest in the surviving entity.

3.  Thereafter, on February 13, 2023, Angion filed a Registration Statement on Form S4 (the "Registration Statement") with the SEC in support of the Proposed Transaction.

4.  The Proposed Transaction is unfair for a number of reasons. Significantly, it appears as though the Board has entered into an agreement which will provide no consideration to any Company stockholder whatsoever, other than the dilution of their shares.

5.  In violation of the Exchange Act, Defendants caused to be filed the materially deficient Registration Statement, preventing Plaintiff from making a fully informed decision on whether to vote in favor of the proposed transaction. The Registration Statement is materially deficient, deprives Plaintiff of the information necessary to make an intelligent, informed and rational decision of whether to vote in favor of the Proposed Transaction, and is thus in violation of the Exchange Act. As detailed below, the Registration Statement omits and/or misrepresents material information concerning, among other things: (a) the sales process and in particular certain conflicts of interest for management; (b) the financial projections for Angion and Elicio, provided

by Angion and Elicio management to the Board and the Board's financial advisor Oppenheimer & Co. Inc. ("Oppenheimer") (c) the data and inputs underlying the financial valuation analyses, if any, that purport to support the fairness opinion created by Oppenheimer, if any, and provide to the Company and the Board.

6. Absent judicial intervention, the Proposed Transaction will be consummated, resulting in irreparable injury to Plaintiff. This action seeks to enjoin the Proposed Transaction.

## PARTIES

7. Plaintiff is a citizen of Illinois and, at all times relevant hereto, has been an Angion stockholder.

8. Defendant Angion is a biopharmaceutical company, focuses on the discovery, development, and commercialization of small molecule therapeutics for acute organ injuries and fibrotic diseases. Angion is incorporated in Delaware and has its principal place of business at 51 Charles Lindbergh Boulevard, Uniondale, NY 11553. Shares of Angion common stock are traded on the Nasdaq Stock Exchange under the symbol "ANGN."

9. Defendant Jay Venkatesan ("Venkatesan") has been a Director of the Company at all relevant times. In addition, Venkatesan serves as the President and Chief Executive Officer ("CEO") of the Company as well as the Chair of the Board of Directors.

10. Defendant Itzhak Goldberg ("Goldberg") has been a director of the Company at all relevant times. In addition, Goldberg serves as the Chairman Emeritus of the Company Board of Directors.

11. Defendant Victor F. Ganzi ("Ganzi") has been a director of the Company at all relevant times.

12. Defendant Allen R. Nissenson ("Nissenson") has been a director of the Company at all relevant times.

13. Defendant Gilbert S. Omenn ("Omenn") has been a director of the Company at all relevant times.

14. Defendant Karen Wilson ("Wilson") has been a director of the Company at all relevant times.

15. Defendants identified in ¶¶ 9 - 14 are collectively referred to as the "Individual Defendants."

16. Non-Party Parent is a private pharmaceutical research company that develops an immuno-tumor vaccine to treat cancer. Parent is headquartered in Boston, Massachusetts.

17. Non-Party Merger Sub is a wholly owned subsidiary of Parent created to effectuate the Proposed Transaction.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act. This action is not a collusive one to confer jurisdiction on a court of the United States, which it would not otherwise have. The Court has supplemental jurisdiction over any claims arising under state law pursuant to 28 U.S.C. § 1367.

19. Personal jurisdiction exists over each defendant either because the defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Angion maintains its principal offices in this district, and each of the Individual Defendants, as Company officers or directors, has extensive contacts within this District.

## SUBSTANTIVE ALLEGATIONS

*Company Background*

21. Angion is a biopharmaceutical company, focuses on the discovery, development, and commercialization of small molecule therapeutics for acute organ injuries and fibrotic diseases. The company's lead product candidate is ANG-3070, an oral tyrosine kinase receptor inhibitor in development as a treatment for fibrotic diseases, primarily in the kidney and lung. It also develops ANG-3777, a hepatocyte growth factor mimetic to treat acute organ injuries, such as delayed graft function; ROCK2 inhibitors programs for fibrotic diseases; and CYP11B2 inhibitor program.

22. The Company's most recent performance press release, revealing performance results from the year preceding the announcement of the Proposed Transaction, indicated impressive clinical success. For example, in the August 15, 2022 press release announcing its Q2 2022 financial results, the Company highlighted such successes as contract revenue increasing 40% year on year.

23. Despite this upward trajectory, the Individual Defendants have caused Angion to enter into the Proposed Transaction without providing requisite information to Angion stockholders such as Plaintiff.

*The Flawed Sales Process*

24. As detailed in the Registration Statement, the process deployed by the Individual Defendants was flawed and inadequate, was conducted out of the self-interest of the Individual

Defendants and was designed with only one concern in mind – to effectuate a sale of the Company by any means possible.

25. Notably, the Registration Statement fails to disclose adequate reasoning as to why the board would agree to a deal in which shareholder's interest would be diluted, with no consideration given.

26. The Registration Statement fails to disclose whether a committee of disinterested directors was formed to review the Proposed Transaction and if so, the identity of the directors who sat on said committee and what powers the committee had to evaluate the transaction, including whether the committee was empowered to veto a potential transaction not in the best interests of shareholders. On the other hand, if a committee was not formed, the Registration Statement fails to adequately disclose why a committee of disinterested directors was not formed.

27. Additionally, the Registration Statement is silent as to the nature of the confidentiality agreement entered into between the Company and Elicio, whether this agreement differed from any other agreement with potentially interested third parties not specifically mentioned by the Registration Statement, if so in all specific manners, including all specific terms of any such included "don't-ask, don't-waive" provisions or standstill provisions contained therein, including, all specific conditions, if any, under which such provisions would fall away.

28. It is not surprising, given this background to the overall sales process, that it was conducted in an inappropriate and misleading manner.

*The Proposed Transaction*

29. On January 17, 2023, Angion and Elicio issued a joint press release announcing the Proposed Transaction. The press release stated, in relevant part:

> **BOSTON, MA and UNIONDALE, NY, January 17, 2023** – Elicio Therapeutics, a privately-held, clinical-stage biotechnology company developing a pipeline of

novel immunotherapies for the treatment of cancer and other diseases, has entered into a definitive merger agreement with Angion Biomedica Corp (NASDAQ:ANGN) under which Elicio will merge with a wholly-owned subsidiary of Angion in an all-stock transaction. The combined company will continue under the Elicio Therapeutics name and will focus on advancing Elicio's proprietary lymph node-targeting Amphiphile (AMP) technology to develop immunotherapies, with a focus on ELI-002, a therapeutic cancer vaccine targeting mKRAS-driven tumors.

"The merger with Angion comes at an ideal time with ELI-002 now completing the dose escalation portion of Phase 1 clinical studies in patients. We believe Elicio is at the forefront of changing the tide regarding how cancers with these mutations, which account for 25% of human solid tumors, are treated," said Robert Connelly, Chief Executive Officer of Elicio. "We believe this merger reflects the strength of the ELI-002 program, our pipeline, and the value-creating potential of our lymph node-targeting approach to treating cancer and other diseases by engaging lymph nodes, the 'schoolhouse' of the immune system."

"We are delighted to announce the proposed merger with Elicio Therapeutics," said Jay Venkatesan, MD, MBA, President and Chief Executive Officer of Angion. "The Angion team reviewed in detail numerous strategic alternatives for creating shareholder value, and this transaction with Elicio was the clear choice. We see tremendous potential in the AMP platform and ELI-002, right at a time when the oncology community is rediscovering the value of cancer vaccines. We believe this merger will provide Angion shareholders the opportunity to meaningfully participate in a company treating cancer patients in an innovative way."

The combined company will work to advance ELI-002, a therapeutic cancer vaccine designed with Elicio's proprietary lymph node-targeting AMP technology. ELI-002 is being evaluated in the AMPLIFY-201 Phase 1 trial (NCT04853017) in patients who have mKRAS-driven tumors including pancreatic ductal adenocarcinoma and colorectal cancer. AMPLIFY-201 has recently completed enrollment of initial subjects at the final level in the dose escalation, with an additional Phase 1b/2 trial planned for the second half of 2023.

**About the Transaction**

Under the terms of the merger agreement, pending stockholder approval of the transaction, Elicio will merge with a wholly-owned subsidiary of Angion, and stockholders of Elicio will receive newly issued shares of Angion common stock.

Current Angion stockholders are expected to own approximately 34.5% of the newly combined company while Elicio stockholders will own 65.5% of the newly combined company, in each case on a fully diluted basis. The final percentage of the combined company owned by Elicio stockholders and Angion stockholders

upon completion of the merger may be subject to certain adjustments, including potential adjustments based on Angion's net cash balance upon deal completion.

The proposed transaction has been unanimously approved by the boards of directors of both companies and is expected to close in the second quarter of 2023, subject to customary closing conditions.

Concurrent with the execution of the merger agreement, Angion committed up to $10 million in a bridge loan to Elicio, to be made in two installments, subject to certain conditions.

Following the merger, the executive team of Elicio will serve as the executive team of the combined company, led by Robert Connelly as Chief Executive Officer. The board of directors will be comprised of nine directors including Mr. Connelly and Angion's current President and Chief Executive Officer, Jay Venkatesan, MD, MBA. Upon completion of the transaction, the combined company will operate under the Elicio Therapeutics name, and the combined company's common stock is expected to trade on the Nasdaq Global Market under the ticker symbol "ELTX". The corporate headquarters will be in Boston, Massachusetts.

Oppenheimer & Co., Inc is serving as a financial advisor and Cooley LLP is providing legal counsel to Angion. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. and Goulston & Storrs PC are legal counsel to Elicio.

*Potential Conflicts of Interest*

30.     The breakdown of the benefits of the deal indicate that Angion insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders such as Plaintiff.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff as a public stockholder of Angion.

31.     The Registration Statement also fails to adequately disclose communications regarding post-transaction employment, specifically regarding but not limited to Defendant Venkatesan, during the negotiation of the underlying transaction must be disclosed to stockholders. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for Plaintiff to

understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

32. Thus, while the Proposed Transaction is not in the best interests of Angion, Plaintiff or Company stockholders, it will produce lucrative benefits for the Company's officers and directors.

*The Materially Misleading and/or Incomplete Registration Statement*

33. On February 13, 2023, the Angion Board caused to be filed with the SEC a materially misleading and incomplete Registration Statement that, in violation the Exchange Act, failed to provide Plaintiff in his capacity as a Company stockholder with material information and/or provides materially misleading information critical to the total mix of information available to Plaintiff concerning the financial and procedural fairness of the Proposed Transaction.

*Omissions and/or Material Misrepresentations Concerning the Sales Process leading up to the Proposed Transaction*

34. Specifically, the Registration Statement fails to disclose material information concerning the process conducted by the Company and the events leading up to the Proposed Transaction. In particular, the Registration Statement fails to disclose:

    a. Adequate information as to whether a committee of disinterested directors was formed to evaluate the Proposed Transaction. If so, the identity of the directors who sat on the committee and what powers the committee had. If not, the reasoning for failing to create such a committee;

    b. Adequate information as to why the board agreed to a transaction where shareholder's interests will be diluted and no consideration will be received;

    c. Whether the confidentiality agreements entered into by the Company with Elicio differed from any other unnamed confidentiality agreement entered into between the Company and an interested third parties;

    d. All specific conditions under which any standstill provision contained in any entered confidentiality agreement entered into between the Company and potentially interested third parties throughout the sales process, including Elicio, would fall away; and

    e. Adequate and complete disclosure of communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.

*<u>Omissions and/or Material Misrepresentations Concerning Angion's and Elicio's Financial Projections</u>*

35. The Registration Statement fails to provide material information concerning financial projections for Angion and Elicio provided by Angion and Elicio management to the Board and Oppenheimer and relied upon by Oppenheimer in its analyses. The Registration Statement discloses management-prepared financial projections for the Company which are materially misleading.

36. Notably the Registration Statement reveals that as part of its analyses, Oppenheimer reviewed "financial forecasts and estimates relating to Elicio prepared by the senior management of Elicio as adjusted by the management of Angion and approved for Oppenheimer's use by the Angion Board."

37. The Registration Statement should have, but fails to provide, certain information in the projections that Angion and Elicio management provided to the Board and Oppenheimer.

Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007)

38. With regard to the *Financial Projections* for Elicio, prepared by Elicio management and adjusted by Angion management, the Registration Statement fails to disclose material line items, including the following:

   a. Total Global Revenue, as well as any underlying inputs, metrics, and assumptions necessary to calculate this metric, including specifically: total worldwide net sales and grant revenue;

   b. EBIT, as well as any underlying inputs, metrics, and assumptions necessary to calculate this metric, including specifically: gross profit, research and development expenses, sales and marketing expense, and general and administrative expense; and

   c. Unlevered Free Cash Flow; as well as any underlying inputs, metrics, and assumptions necessary to calculate this metric, including specifically: taxes, depreciation and amortization, capital expenditures, interest income, and changes in net working capital.

39. The Registration Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

40. The Registration Statement also fails to provide the specific bases and adjustments upon which the assumptions underlying the various sets of projections rely.

41. This information is necessary to provide Plaintiff, in his capacity as a Company stockholder, a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.

42. Additionally, the Registration Statement fails to disclose any material projection data for Angion itself, preventing Plaintiff from being fully informed as to the financial outlook for the Company, and preventing Plaintiff from properly gauging the Proposed Transaction. Without this information, Plaintiff is not fully informed as to Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.

43. Without accurate projection data for Angion and Elicio being presented in the Registration Statement, Plaintiff is unable to properly evaluate the Company's true worth, the accuracy of the Oppenheimer's financial analyses, or make an informed decision whether to vote in favor of the Proposed Transaction. As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

*Omissions and/or Material Misrepresentations Concerning the Financial Analyses by Oppenheimer*

44. In the Registration Statement, Oppenheimer describes its fairness opinion and the various valuation analyses performed to render such opinion. However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions. Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

45. With respect to the *Selected Public Companies Analyses – Elicio*, the Registration Statement fails to disclose:

      a. The specific inputs and assumptions used to determine that the median value of the selected public companies was the most appropriate comparison point; and

      b. The specific inputs and assumptions used to determine the utilized adjustment rate of 10% utilized in the analysis.

46. With respect to the *Discounted Cash Flow – Elicio*, the Registration Statement fails to disclose:

      a. The terminal value for Elicio;

      b. The specific inputs, metrics, and assumptions used to determine the utilized increasing perpetuity rates of 0.0% to 2.0%;

      c. The specific inputs, metrics, and assumptions used to determine the utilized discount rate range of 28.5% to 31.5%; and

      d. The specific venture capital rates of return for companies in a similar stage in their development (bridge/initial public offering – stage financing) utilized, and the basis for their selection.

47. With respect to the *Selected Precedent Initial Public Offering Analysis – Elicio*, the Registration Statement fails to disclose:

      a. The specific date on which each selected precedent initial public offering occurred;

      b. The specific inputs and assumptions used to determine that the median value of the selected precedent initial public offerings was the most appropriate comparison point; and

      c. The specific inputs and assumptions used to determine the utilized adjustment rate of 10% utilized in the analysis.

48. With respect to the *Implied Exchange Ratio Range Analysis*, the Registration Statement fails to disclose:

   a. The range of implied equity values of Angion utilized; and

   b. The specific analyses, and their inputs and results, conducted to determine the implied equity values of Angion utilized.

49. Most notably, the Registration Statement does not disclose any analyses whatsoever analyzing Angion's value, thus rendering it impossible for Plaintiff to have a gauge of the future worth of the Company.

50. These disclosures are critical for Plaintiff to be able to make an informed decision on whether to vote in favor of the Proposed Transaction.

51. Without the omitted information identified above, Plaintiff is missing critical information necessary to evaluate whether the proposed consideration truly maximizes his value and serves his interest as a stockholder. Moreover, without the key financial information and related disclosures, Plaintiff cannot gauge the reliability of the fairness opinion and the Board's determination that the Proposed Transaction is in his best interests as a public Angion stockholder. As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

## FIRST COUNT

## Violations of Section 14(a) of the Exchange Act

### (Against All Defendants)

52. Plaintiff repeats all previous allegations as if set forth in full herein.

53. Defendants have disseminated the Registration Statement with the intention of soliciting stockholders, including Plaintiff, to vote in favor of the Proposed Transaction.

54. Section 14(a) of the Exchange Act requires full and fair disclosure in connection with the Proposed Transaction. Specifically, Section 14(a) provides that:

It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78*l* of this title.

55. As such, SEC Rule 14a-9, 17 C.F.R. 240.14a-9, states the following:

No solicitation subject to this regulation shall be made by means of any Registration Statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

56. The Registration Statement was prepared in violation of Section 14(a) because it is materially misleading in numerous respects and omits material facts, including those set forth above. Moreover, in the exercise of reasonable care, Defendants knew or should have known that the Registration Statement is materially misleading and omits material facts that are necessary to render them non-misleading.

57. The Individual Defendants had actual knowledge or should have known of the misrepresentations and omissions of material facts set forth herein.

58. The Individual Defendants were at least negligent in filing a Registration Statement that was materially misleading and/or omitted material facts necessary to make the Registration Statement not misleading.

59. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to decide whether to vote his shares in favor of the Proposed Transaction on the basis of complete information if such misrepresentations and omissions are not corrected prior to the stockholder vote regarding the Proposed Transaction.

## SECOND COUNT

### Violations of Section 20(a) of the Exchange Act

### (Against all Individual Defendants)

60. Plaintiff repeats all previous allegations as if set forth in full herein.

61. The Individual Defendants were privy to non-public information concerning the Company and its business and operations via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in connection therewith.  Because of their possession of such information, the Individual Defendants knew or should have known that the Registration Statement was materially misleading to Plaintiff in his capacity as a Company stockholder.

62. The Individual Defendants were involved in drafting, producing, reviewing and/or disseminating the materially false and misleading statements complained of herein.  The Individual Defendants were aware or should have been aware that materially false and misleading statements

were being issued by the Company in the Registration Statement and nevertheless approved, ratified and/or failed to correct those statements, in violation of federal securities laws. The Individual Defendants were able to, and did, control the contents of the Registration Statement. The Individual Defendants were provided with copies of, reviewed and approved, and/or signed the Registration Statement before its issuance and had the ability or opportunity to prevent its issuance or to cause it to be corrected.

63. The Individual Defendants also were able to, and did, directly or indirectly, control the conduct of Angion's business, the information contained in its filings with the SEC, and its public statements. Because of their positions and access to material non-public information available to them but not the public, the Individual Defendants knew or should have known that the misrepresentations specified herein had not been properly disclosed to and were being concealed from Plaintiff and Company, and that the Registration Statement was misleading. As a result, the Individual Defendants are responsible for the accuracy of the Registration Statement and are therefore responsible and liable for the misrepresentations contained herein.

64. The Individual Defendants acted as controlling persons of Angion within the meaning of Section 20(a) of the Exchange Act. By reason of their position with the Company, the Individual Defendants had the power and authority to cause Angion to engage in the wrongful conduct complained of herein. The Individual Defendants controlled Angion and all of its employees. As alleged above, Angion is a primary violator of Section 14 of the Exchange Act and SEC Rule 14a-9. By reason of their conduct, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff demands injunctive relief, in his favor and against the Defendants, as follows:

A. Enjoining the Proposed Transaction;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to exercise their fiduciary duties to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: February 17, 2023                **BRODSKY & SMITH**

By: *Evan J. Smith*
Evan J. Smith
240 Mineola Boulevard
Mineola, NY 11501
Phone: (516) 741-4977
Facsimile (561) 741-0626

*Counsel for Plaintiff*